Filed 3/26/20

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ARTHUR TORRES,<br><br>　　Defendant and Appellant. | B296179<br><br>(Los Angeles County<br>Super. Ct. No. BA189759) |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Reversed and remanded.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Acting Senior Assistant Attorney General, Amanda V. Lopez, Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.

_____

In 2001, defendant and appellant Arthur Torres was convicted of two counts of first degree murder (Pen. Code, § 187, subd. (a) [counts 11 & 12])[1] under a felony murder theory of liability, along with numerous other crimes committed over the course of single day.[2]  As to counts 11

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Torres's crime spree also resulted in convictions for a third count of murder (§ 187, subd. (a) [count 18]), possession of a firearm by a felon (§ 12021, subd. (a)(1) [count 1]), assault with a firearm (§ 245, subd. (a)(2) [count 2]), two counts of second degree robbery (§ 211 [counts 3 & 5]), attempted carjacking (§§ 215, subd. (a), 664 [count 6]), four counts of attempted second degree robbery (§§ 211, 664 [counts 7, 8, 9, & 10]), carjacking (§ 215 [count 13]), simple kidnapping (§ 207, subd. (a) [count 14]), kidnapping for carjacking (§ 209.5, subd. (a) [count 15]), and torture (§ 206 [count 17]).  As to count 18, the jury found true the special circumstances that the murder was committed during a kidnapping (§ 190.2, subd. (a)(17)(B)) and that there were multiple murders (§ 190.2, subd. (a)(3)).  The jury found true the allegations that Torres personally used a firearm as to counts 2 (§ 12022.5, subd. (a)(1)) and 3 (§ 12022.53, subd. (b)).

Torres does not challenge his murder conviction in count 18 in this appeal.  Torres avers that he filed a petition for resentencing with respect to count 18, which the trial court failed to rule on.  He is currently challenging the

2

and 12, the jury found true the special circumstance that the murders were committed during the commission of a robbery (§ 190.2, subd. (a)(17)). The jury also found true multiple murder special circumstance allegations (§ 190.2, subd. (a)(3)), as to both counts.

In 2019, Torres petitioned for resentencing pursuant to section 1170.95 and newly enacted Senate Bill No. 1437 (Senate Bill 1437), which "'amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted Mar. 18, 2020, S260493 (*Verdugo*).)

The trial court summarily denied the petition in a written memorandum of decision that stated: "The petition is summarily denied because the petitioner is not entitled to relief as a matter of law, for the following reason: [¶] The defendant was convicted of murder in counts 11 and 12, and the special circumstance allegations of murder in the commission of a robbery pursuant to Penal Code § 190.2(a)17 were found to be true. The defendant, thus, acted as a major participant in the commission of the designated crimes and

conviction in that count in a writ of habeas corpus in federal court. (*Torres v. Madden* (9th Cir.) No. 19-55018.)

3

acted with reckless indifference to human life [Penal Code § 189, subd. (e)(3)]."

Torres appeals the trial court's order. He contends that the trial court exceeded its authority by reviewing the record of conviction and summarily denying his section 1170.95 petition prior to appointment of counsel and briefing.[3] He further contends that, even if the trial court were permitted to look beyond his petition at the eligibility stage, he is not ineligible for relief on the basis of the jury's robbery murder special circumstances true findings.

We disagree with Torres's broad assertion that a trial court may not summarily deny a petition on the basis of the record of conviction prior to appointment of counsel and briefing, but nevertheless reverse the trial court's order in this instance. The trial court here relied exclusively on the jury's 2001 special circumstances findings, which findings alone are not sufficient to preclude relief in the wake of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). We remand the matter to allow the trial court to determine whether Torres has made a prima facie showing that he falls within the provisions of section 1170.95. In making this determination,

_____

[3] We grant Torres's request for judicial notice, filed on December 23, 2019, of a Judicial Council letter dated August 28, 2018, addressed to the Honorable Nancy Skinner concerning Senate Bill 1437, and a Judicial Council letter dated September 13, 2018, addressed to former Governor Edmund G. Brown, Jr., also concerning Senate Bill 1437, which were attached to Torres's request as Exhibits 1 and 2.

the trial court may consider "readily available portions of the record of conviction. " (*Verdugo*, *supra*, 44 Cal.App.5th at p. 323.)  If Torres is potentially eligible for resentencing pursuant to the statute, the trial court must appoint counsel and order briefing.

## FACTS

The facts of Torres's crime spree, carried out with his co-defendant Nicholas Rodriguez, as recited in our unpublished opinion, *People v. Torres* (Mar. 17, 2003, B152866) [nonpub. opn.] at page *1, were as follows:  "First, at a La Puente car wash, Torres pointed a handgun at Paul Nieto (Nieto), demanded Nieto's money, and searched Nieto's pockets for additional items.  Torres then passed the gun to Rodriguez and took some personal items from Nieto's car. Torres attempted to start the car, but failed because Nieto had activated the car's 'kill switch.'  Torres struck Nieto in the head.  Nieto heard someone call, 'Waste him. Waste him,' and Nieto fled.

"Next, Torres and Rodriguez approached four young men walking down a [*sic*] La Puente street.  Brothers Tommy and Christopher Garnica and their friends Sergio Salcedo and Juan Gonzalez were on foot when Torres's car stopped alongside them.  Rodriguez exited the car, pointed a gun at the men, and demanded methamphetamine. Rodriguez waved the gun, and as he did so, the clip fell from the gun.  As Christopher Garnica and Sergio Salcedo fled,

Rodriguez retrieved and reinserted the clip and shot both Tommy Garnica and Juan Gonzalez to death.  [Counts 11 & 12]

"Later that evening, Torres and Rodriguez—now on foot—flagged down a car in which Humberto Salas (Salas) and Isabel Morales (Morales) were riding.  When Salas exited the car to talk with Torres and Rodriguez, the two men severely beat Salas, smashed his head against the car, and kicked him.  Torres and Rodriguez then put Salas into the back seat of the car and ordered Morales into the driver's seat.  Torres sat in the front passenger seat of the car and told Morales to drive.  While Morales drove, in the back seat Rodriguez continued to beat Salas and gouged out his eyes.  [Count 18]  Torres displayed one of the eyeballs to Morales before tossing it out the window.  At a canyon area, Torres and Rodriguez dumped Salas's body.  Returning to the car, the men forced Morales to drive them back toward the area where the encounter had begun.  On the way, Torres and Rodriguez saw police officers and fled from the car."

## SENATE BILL 1437

"Senate Bill 1437 . . . amend[s] section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*); accord, *Verdugo, supra*, at p. 325.)  New section 188, subdivision (a)(3), provides, "Except as stated in

subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

Prior to the enactment of Senate Bill 1437, murder committed in the perpetration of or attempt to perpetrate specified felonies, including robbery, was first degree murder. (Former § 189; *People v. Powell* (2018) 5 Cal.5th 921, 942 [""Under the felony-murder doctrine, when the defendant or an accomplice kills someone during the commission, or attempted commission, of an inherently dangerous felony, the defendant is liable for either first or second degree murder, depending on the felony committed.""].) Senate Bill 1437 also added section 189, subdivision (e), which provides that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1170.95, which provides a procedure for people convicted of murder to petition the trial court for retroactive relief if the changes in

7

the law affect their previously sustained convictions. (Sen. Bill 1437 (2017–2018 Reg. Sess.) § 4.) Section 1170.95, subdivision (a), provides, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

"[A] petition for relief must include: '(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1).) . . .

"If any of the required information is missing and cannot be readily ascertained by the court, 'the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be

8

considered without the missing information.' (§ 1170.95, subd. (b)(2).)

"If the petition contains all required information, section 1170.95, subdivision (c), prescribes a two-step process for the court to determine if an order to show cause should issue: 'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.'

"Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) If the prosecutor does not stipulate to vacating the conviction and resentencing the petitioner (§ 1170.95, subd. (d)(2)), the People have the opportunity to present new and additional evidence at the hearing to demonstrate the petitioner is not entitled to resentencing. (§ 1170.95, subd. (d)(3).) The petitioner also has the opportunity to present new or additional evidence in support of the resentencing request. (*Ibid*.)" (*Verdugo, supra*, 44 Cal.App.5th at p. 327, fn. omitted.)

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3)).

"If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (§ 1170.95, subd. (d)(2).)

## DISCUSSION

Torres contends that, prior to appointment of counsel and briefing, the trial court's review of a section 1170.95 petition is for facial sufficiency only, and that it is not permitted to consider materials outside of the petition—in this case, the record of conviction—at the eligibility stage. He argues that, having submitted a facially sufficient petition in which he requested counsel, he was entitled to appointment of counsel and briefing. Alternatively, he asserts that even if the trial court were permitted to consider the jury's special circumstance findings at this stage, it erred in finding him ineligible for relief, such that he was entitled

to appointment of counsel and briefing. We disagree with Torres's interpretation of section 1170.95's petitioning procedure, but reverse and remand because the trial court erred in ruling Torres ineligible as a matter of law solely based on the jury's true findings on the robbery murder special circumstances, made in 2001.

### *Section 1170.95's Petitioning Procedure*

In *Verdugo*, *supra*, 44 Cal.App.5th 320, our colleagues in Division Seven of the Second District of the Court of Appeal clarified section 1170.95's petitioning process. The *Verdugo* court explained that subdivisions (b) and (c) of the statute require the trial court to make three separate determinations. (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 327–328.) Here, we are solely concerned with the inquiry proscribed by subdivision (b), and the first of the two inquiries set forth in subdivision (c)—i.e., whether the petitioner has made a prima facie case that he falls within section 1170.95's provisions. We agree with the *Verdugo* court's well-reasoned analysis and elucidation of these two steps, and therefore summarize them only briefly here:

Under subdivision (b)(2), the trial court determines if the petition is facially sufficient. (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 327–328.) The trial court verifies that the petition contains the basic information required under subdivision (b)(1), and supplies any missing information that can be "readily ascertained" (§ 1170.95, subd. (b)(2)).

11

(*Verdugo*, *supra*, at p. 328.)  The reference to "readily ascertained" information indicates the legislature's intent that the trial court consider reliable, accessible information—specifically the record of conviction.  (*Id.* at pp. 329–330.)  The trial court may deny the petition without prejudice if the petition is not facially sufficient.  (*Id.* at p. 328.)

If a petition is facially sufficient, then, under section 1170.95, subdivision (c), the trial court next determines whether the petitioner has made "a prima facie showing that the petitioner falls within the provisions of this section".  The *Verdugo* court described this inquiry as "a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47."  (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.)  "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner."  (*Ibid.*)  As in the subdivision (b)(2) inquiry, the trial court is permitted to review information that is readily ascertained.  (*Ibid.*)  Specifically, the *Verdugo* court held that the trial court should review the record of conviction, and "must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment."  (*Id.* at pp. 329–330; accord, *Lewis*, *supra*, 43 Cal.App.5th at pp. 1138–1139 [superior court properly relied on record of conviction showing he was convicted as direct

12

aider and abettor in determining he was not eligible for relief].) If the trial court determines that the petitioner is not ineligible for relief as a matter of law, it must appoint counsel, if requested, and order briefing. (*Verdugo, supra,* 44 Cal.App.5th at p. 330.)

Here, it is undisputed that Torres supplied all of the information required under subdivision (b)(1) such that his petition was facially sufficient. Torres declared he was eligible for resentencing under all the requirements listed in subdivision (a)(1); provided the case name and number; and requested that counsel be appointed.

This leads us to two questions in connection with the trial court's preliminary review of statutory eligibility for resentencing under subdivision (c). The first—whether the trial court properly considered the jury's robbery murder special circumstance findings when determining whether Torres made a prima facie showing that he fell within section 1170.95's provisions—is easily resolved. The jury's findings are clearly contained in the record of conviction, and, as the *Verdugo* court stated, *should* be considered when determining whether a defendant is ineligible for relief as a matter of law. (*Verdugo, supra,* 44 Cal.App.5th at pp. 329–330.) The trial court did not err in this respect, and was not required to appoint counsel prior to considering the jury findings in making its preliminary determination of Torres's statutory eligibility for relief.

The second question is whether the trial court erred in ruling that Torres failed to make a prima facie showing that

13

he could no longer be convicted of murder because of changes to Section 189 made effective on January 1, 2019. More specifically, we must determine whether the trial court was correct when it ruled that the existence of the jury's 2001 robbery murder special circumstance findings alone established that Torres was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2" (§ 189, subd. (e)(3)), as a matter of law, thereby barring him from relief. We conclude that, based on the record before us, the trial court erred, as the jury's findings alone do not render Torres ineligible for relief.

As amended by Senate Bill 1437 and relevant here, section 189, subdivision (e) provides "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(in this case, robbery)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." Section 190.2, subdivision (d), in turn, provides that "every person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment

14

in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4." Section 190.2, subdivision (a)(17)(A) lists robbery in violation of section 211 as a qualifying felony.

Although the jury's special circumstances findings rendered in 2001 indicate that the jury concluded Torres was a "major participant" who acted with "reckless indifference to human life" in the murders of Garnica and Gonzales, those jury findings alone do not preclude Torres from showing today that he could not be convicted of first or second degree murder as redefined by Senate Bill 1437. Torres argues, and we agree, that our Supreme Court's decisions, clarifying what it means for an aiding and abetting defendant to be a "major participant" in an underlying felony and to act with "reckless indifference to human life," construed section 190.2 in a significantly different, and narrower manner than courts had previously construed the statute. Both cases were decided over a decade after the jury made its findings in Torres's case. *Banks*, *supra*, 61 Cal.4th 788, which elucidated the meaning of "major participant," was decided in 2015, and *Clark*, *supra*, 63 Cal.4th 522, which addressed the meaning of "reckless indifference to human life," was decided in 2016. Accordingly, in determining if Torres could be convicted today of first-degree murder, we cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that Torres was a major participant who acted with reckless indifference to

15

human life as those terms were interpreted at the time. As we stated in *In re Miller* (2017) 14 Cal.App.5th 960 (*Miller*), "[a] [d]efendant's claim that the evidence presented against him failed to support [a] robbery-murder special circumstance [finding made prior to *Banks* and *Clark*] . . . is not a 'routine' claim of insufficient evidence." (*Id.* at pp. 979–980.) The "claim does not require resolution of disputed facts; the facts are a given." (*Id.* at p. 980.) The question is whether they are legally sufficient in light of *Banks* and *Clark.* (*Ibid.*)

By summarily denying Torres's petition under section 1170.95 in the instant case, the trial court relied exclusively on the jury's special circumstances findings, treating those findings as if they resolved key disputed facts, and gave no alternative reason for ruling Torres was ineligible for resentencing a matter of law. No court has affirmed the special circumstances findings at issue post-*Banks* and *Clark.*[4] There is therefore a possibility that Torres was

_____

[4] Torres filed a petition for habeas corpus with this court on September 14, 2017, in which he asserted that the true findings on the robbery murder special circumstances must be vacated because he was not a major participant who acted with reckless indifference to human life under *Banks, supra,* 61 Cal.4th 788, and *Clark, supra,* 63 Cal.4th 522. We denied the petition on the merits in an order filed on October 13, 2017. However, "the summary denial of a habeas corpus petition does not establish law of the case and does not have a res judicata effect in future proceedings." (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 305, fn. 6.)

punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of Torres's constitutional right to due process. (See *Miller*, *supra*, 14 Cal.App.5th 960, 977 [federal due process guarantees required reversal where evidence was not legally sufficient to support robbery murder special circumstance].) It would be unjust to permit a court to deny a petitioner relief on the basis of facts that the jury did not necessarily find true, and which may not be sufficiently supported by the record. We conclude that the trial court erred in ruling that the pre-*Banks* and *Clark* robbery murder special circumstance findings preclude Torres from relief as a matter of law. We therefore reverse, and remand to the trial court to determine whether, considering readily available portions record of conviction, Torres is otherwise ineligible for relief as a matter of law, or is entitled to appointment of counsel and briefing.

17

## DISPOSITION

We remand the matter for the trial court to determine whether Torres has made a prima facie showing that he falls within the provisions of section 1170.95. If it finds that Torres is potentially eligible for resentencing pursuant to section 1170.95, the trial court must appoint counsel and order briefing.


MOOR, J.

We concur:



RUBIN, P. J.



KIM, J.